EHRREICH et al. v. COHN BROWN & CO.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

1. CONTRACTS ⬤�net346—BREACH—ACTION FOR DAMAGES—WAIVER OF PERFORMANCE—PLEADING—PROOF.

Where, in an action against a wholesale company for damages from its failure to furnish the plaintiffs, coat manufacturers, with goods under an agreement binding plaintiffs to work exclusively for defendant, it appeared from plaintiffs' own evidence that, after entering into the contract, they made coats for a third person, and the complaint alleged full performance by plaintiffs, and did not allege waiver of such performance, plaintiffs' evidence that defendant waived the provision of the contract binding plaintiffs to work exclusively for defendant should have been excluded.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1714, 1718–1751; Dec. Dig. ⬤⟵346.]

2. CONTRACTS ⬤⟵350—BREACH—ACTION FOR DAMAGES—SUFFICIENCY OF EVIDENCE.

Evidence in an action for damages for breach of a contract to furnish material to the plaintiffs, coat manufacturers, to be used by them in making coats, held insufficient to sustain a verdict for plaintiffs.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1819–1823; Dec. Dig. ⬤⟵350.]

Appeal from Trial Term, New York County.

Action by William Ehrreich and another against Cohn Brown & Co. From a judgment for plaintiffs for $1,500, and denial of motion to set aside verdict and for new trial, defendant appeals. Reversed, and new trial granted.

⬤⟵For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Walter B. Solinger, of New York City, for appellant.

Paul Hellinger, of New York City, for respondents.

SMITH, J. The plaintiffs were coat manufacturers, their business being to take goods furnished by wholesalers and to make them into coats for the purposes of sale. In order to perform the necessary work in this business, the requirements of the plaintiffs called for larger quarters and more machinery. Just prior to February 1, 1913, the plaintiffs claim an agreement between them and the defendant, whereby the plaintiffs were to secure larger quarters and new machinery and better facilities for performing the work, and in consideration thereof the defendant from February 1, 1913, to September 15, 1913, was to furnish them weekly with materials for the manufacture of 1,500 coats. By this alleged agreement, which was oral, the defendant was to pay such a price as would net the plaintiffs 10 cents profit upon each coat. It is further claimed that 2 cents per coat in addition thereto might be charged by the plaintiffs in order to pay for the new machinery purchased. The contract further provided that the plaintiffs were to work solely for the defendant and for no other party. The complaint, after alleging the terms of the contract above stated, alleged that up to June 1, 1913, both plaintiffs and defendant performed their part of the contract, and coats were manufactured by the plaintiffs for the defendant, and the price fixed at such a sum as would net the plaintiffs 10 cents upon each coat. The grievance which the plaintiffs now have is that from June 1, 1913, to September 1, 1913, the defendant refused to furnish the plaintiffs with materials for the manufacture of coats, and judgment was asked for $4,500, which included 15 weeks, at $150 a week, the net profit the plaintiffs were to receive for the manufacture of coats for the defendant, and about $2,000, the cost of the machinery which was put in. The jury awarded plaintiffs a verdict for $1,500. From the judgment entered upon this verdict, and from the order denying defendant's motion for a new trial, this appeal was taken.

[1] It appeared from the plaintiffs' own proof that after the making of the contract and before the 1st day of June, 1913, the plaintiffs had made about 8,000 coats for one Sherwin, not a party to the contract. Evidence was then offered by the plaintiffs that the defendant waived that part of the contract by which the plaintiffs bound themselves to work exclusively for the defendant. To this evidence the defendant duly objected on the ground that the complaint alleged full performance on the part of the plaintiffs and nowhere alleged any waiver of such performance. This objection was overruled by the court, erroneously, as has been held in Stern v. McKee, 70 App. Div. 142, 75 N. Y. Supp. 157, and La Chicotte v. Richmond R. Co., 15 App. Div. 384, 44 N. Y. Supp. 75. This error requires a reversal of the judgment and the granting of a new trial.

[2] We are of opinion that the verdict was against the weight of evidence. The defendant had loaned to the plaintiffs $600 to enable

the plaintiffs to buy machinery and install their new plant. Five hundred dollars of this amount was repaid in August, 1913. At that time the plaintiffs claim that the defendant was indebted to them in a sum largely in excess of $500 upon its broken contract, and still this money was paid without protest, and without any claim at the time of any offset as due to the plaintiffs on account of any obligation broken. This circumstance is very significant, in view of the fact that plaintiffs' case rests upon the evidence of the plaintiffs themselves, which evidence is squarely contradicted by two witnesses for the defendant. Again, the claimed waiver by the defendant of the provision in the contract that work should be done exclusively for the defendant was sworn to by the plaintiffs and is squarely contradicted by the defendant. This work was done for one Sherwin, and both the plaintiffs swore that Sherwin urged the defendant to consent that the plaintiffs should do his work, and that the waiver was the result of such urging on the part of said Sherwin. With this conflict of evidence between the plaintiffs and defendant, Sherwin, apparently a disinterested witness, swore that he had no talk whatever with the defendant about any such waiver, and at no time asked them to allow the plaintiffs to perform his work.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.